OPINION
{¶ 1} Defendant-appellant Nicholas Hunter appeals the April 8, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is Cynthia Dukes fka Cynthia Hunter.
 STATEMENT OF THE CASE AND FACTS {¶ 2} The parties were divorced by Judgment Entry filed May 2, 2001. No appeal was taken from that entry. A primary asset considered by the Court in its order as to the division of property in the divorce decree related to appellant's pension as a retired State Highway Patrolman.
 {¶ 3} In its May 2, 2001 divorce decree, the court issued the following order:
 {¶ 4} "18. The present value of the pensions of both parties, combined, totals Three Hundred Forty-Four Thousand Seven Hundred Eight-Six Dollars and 20/100 Cents ($344,786.20). The parties agree that Plaintiff should receive 45.5% of Defendant's current pension income of Two Thousand One Hundred Twenty-Three Dollars and 95/100 Cents ($2,123.95) per month, i.e., Nine Hundred Fifty-Six Dollars and 39/100 cents (956.39) [SIC] per month, minus applicable, federal, state and local income taxes relative to said amount, until the sum of One Hundred Seventy-Two Thousand Three Hundred Ninety-Three Dollars and 10/100 Cents ($172,393.10) is received by Plaintiff.
 {¶ 5} "19. Parties agree that Plaintiff's STRS Pension and Social Security benefits will be paid to her upon retirement without any amount therefrom paid to the Defendant.
 {¶ 6} "Ordered, adjudged and decreed that Plaintiff shall receive, from the Ohio State Highway Patrol pension benefits of Defendant, the total amount of One Hundred Seventy-Two Thousand Three Hundred Ninety-Three Dollars and 10/100 Cents ($172,393.10) to be paid to her by monthly distribution in the amount of Nine Hundred Fifty-Six Dollars ($956.00) per month. Plaintiff's tax obligation relative to said distribution shall be according to law. The distribution of said benefits shall be effectuated by the preparation and application of a QualifiedDomestic Relations Order (QUADRO) to be prepared by Plaintiff's legal counsel."
 {¶ 7} The court also stated, as to the taxes applicable to such pension benefits:
 {¶ 8} "The actual amount of tax paid by Defendant upon such pension benefits, net of any refund which Defendant may have received.
 {¶ 9} "No fixed percentage for reimbursement can be used since Defendant's payment from the Ohio State Highway Patrol Retirement System increases each calendar year. Thus, the fixed amount payments which Defendant makes to Plaintiff each month represents a smaller percentage, with each passing year, of the total amount which the Defendant receives.
 {¶ 10} "The amount for which Plaintiff is required to reimburse Defendant each year shall be based upon the total amount of the paymentsactually received by Plaintiff from Defendant in each calendar year."
 {¶ 11} While an expert testified as to the ultimate value of the pension, his opinion was premised upon appellant's having elected survivorship benefits for a portion of appellant's pension to be payable to appellee upon appellant's death. However, upon his retirement prior to the divorce, appellant had not elected the survivorship option.
 {¶ 12} On May 1, 2002, appellee filed a motion for relief from judgment. On May 8, 2002, appellant also filed a motion to recover certain taxes.
 {¶ 13} After hearing, the magistrate issued a Nunc Pro Tunc recommendation on August 5, 2002. Included in the magistrate's recommendation was a finding appellant was uninsurable due to a heart condition and appellee was responsible for certain taxes paid by appellant. Appellee filed objections to the magistrate's recommendation on October 25, 2002, relative to the tax repayment order.
 {¶ 14} On November 14, 2002, the trial court adopted the magistrate's recommendations of August 5, 2002, and denied appellee's objection. No appeal was taken from the court's ruling.
 {¶ 15} The magistrate issued an order relating to appellant's 2001 tax return amount on January 31, 2003. Objections were filed by appellee but a transcript of the hearing was not provided.
 {¶ 16} On April 8, 2003, the trial court issued a judgment entry which sustained appellee's Civ. R. 60(B)(5) Motion, finding, at the time of the divorce, appellee was unaware appellant had failed to elect survivorship benefits for her under his pension.
 {¶ 17} The trial court issued the following orders clarifying or amending the original decree:
 {¶ 18} "Defendant, Nicholas Hunter, shall, apply for and obtain and secure a policy of life insurance, insuring his life, and naming Plaintiff as the beneficiary thereof, with the parties' children as contingent beneficiaries, and shall do so on or before forty-five (45) days from the date of the journalization of this Judgment Entry. The death benefit of any such policy of insurance shall be the amount remaining unpaid, from time to time, with respect to the original sum of One Hundred Seventy-Two Thousand Three Hundred Ninety-Three and 10/100 Dollars ($172,393.10) (Plaintiff's award of Defendant's pension benefits), which amount has been Ordered to be paid at the rate of Nine Hundred Fifty-Six Dollars ($956.00) per month from Defendant to Plaintiff. As each monthly payment is made to Plaintiff, Defendant shall have the option to either reduce the death benefit of said policy of insurance by the gross amount which has been paid to Plaintiff, or to re-designate said portion of the death benefit as he chooses. The remaining balance of Plaintiff's property division entitlement, from time to time, shall be secured by life insurance in the above manner. Defendant shall also be responsible for the payment of premiums with respect to such policy of insurance."
 {¶ 19} It is from these orders, appellant raises four assignments of error:
 {¶ 20} "I. The trial court abused its discretion and committed prejudicial error when it modified a property division order of May 2, 2001, by ordering appellant to purchase and pay for a life insurance policy in its April 8, 2003, judgment entry.
 {¶ 21} "II. The trial court committed prejudicial error and abused its discretion in requiring appellant to pay for an insurance policy to protect appellee when appellee failed to object to the August 5, 2002, magistrate's finding and order that appellant was not insurable.
 {¶ 22} "III. The trial court committed prejudicial error in its April 8, 2003, judgment entry when it issued an unintelligible, unworkable, and unlawful income tax formula, and in failing to order repayment of income taxes withheld from appellant's pension distribution.
 {¶ 23} "IV. The trial court committed prejudicial error in applying civil rule 60(b)(5) to modify a judgment of property division issued on May 2, 2001, because of the post-decree enactments of O.R.C. 3105.80 to O.R.C. 3105.90 concerning appellant's ohio patrol pension."
 I, II {¶ 24} Appellant's first and second assignments of error assert abuse of discretion.
 {¶ 25} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 26} In addressing the first and second assignments of error, we must first consider the authority of the trial court in reviewing appellee's motion for relief from judgment.
 {¶ 27} R.C. 3105.171(I) states:
 {¶ 28} "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." However, if relief from judgment is granted under Civ. R. 60(B), such relief is not a modification of the prior distributive award. The grant of relief from judgment operates to vacate the prior distributive award and allows the trial court to enter a new award as if it were the original one.
 {¶ 29} Nevertheless, in examining the trial court's ruling of April 8, 2003, we find it did not modify the distributive award, but, pursuant to Civ. R. 60(B)(5), attempted to secure such distributive award.
 {¶ 30} Civ. R. 60(B)(5) provides:
 {¶ 31} "(5) any other reason justifying relief from the judgment."
 {¶ 32} The reason the trial court applied Civ. R. 60(B)(5), is the original mechanism to secure payment of the portion of appellant's pension allotted to appellee ($172,393.10), was premised on an incorrect assumption. The trial court did not abuse its discretion in granting relief because of this incorrect assumption. The trial court found in the original divorce decree the parties agreed appellee was entitled to the payment of $172,393.10 and provided such distributive share should be paid out of the monthly pension payments. The distributive award itself was not modified. The pension's value was not disputed at the February 24, 2003, hearing.
 {¶ 33} The trial court was authorized to correct appellee's and the trial court's misunderstanding as to the election of survivorship benefits to comply with the trial court's intended award. The problem, however, is further compounded.
 {¶ 34} Appellant notes no appeal was taken from the trial court's adoption of the magistrate's Nunc Pro Tunc entry of November 14, 2002. The Magistrate's recommendations did not include a finding as to the merits of appellee's Civ. R. 60(B) motion. Nonetheless, the trial court adopted the magistrate's findings of fact. Such findings clearly state, at Paragraph 5, appellant is uninsurable due to health problems. The trial court noted this factual finding in discussions with counsel at the February 24, 2003 hearing.
 {¶ 35} We recognize by attempting to secure the payment of the $172,393.10 to appellee, the trial court may have ordered an impossibility, given its adoption of the magistrate's finding appellant is uninsurable. However, as argued by counsel for appellee, no actual evidence of uninsurability or premium costs has been provided.
 {¶ 36} Notwithstanding this apparent inconsistency between the adoption of the magistrate's finding appellant is uninsurable and its subsequent order appellant secure insurance to guarantee the distributive award regarding appellant's pension, the trial court did not abuse its discretion in granting appellee's motion for relief from judgment.
 III, IV {¶ 37} The constitutional arguments relative to the effects of the amendment to R.C. 3105.86(A) are not before us and will not be addressed.
 {¶ 38} Appellant's third assignment of error asserts the tax formula utilized by the court is unintelligible and unworkable and the court failed to order repayment. We disagree.
 {¶ 39} The formula can be applied as it clearly indicates it is based on the actual tax paid taking into consideration any refund. The court's lack of a repayment order cannot be addressed by this Court due to the lack of transcript of the January 31, 2003, Magistrate's hearing. As such, we must preserve the regularity of the trial court's order in reference to it.
 {¶ 40} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. concur and Boggins, J. dissents.